L. C. CHALLISS v. V. W. PARKER, *as Treasurer, &c.*

SIDEWALKS; *Contract—Streets, Graded and Ungraded; Power of Cities.* A city of the second class has power to stipulate in one contract for making sidewalks on several streets, and to assess the cost thereof upon the different lots fronting on such sidewalks, according to the front foot thereof. And such a city has power to make a sidewalk on a street before it is graded. [*Parker v. Challiss,* 9 Kas., 155, cited and followed.]

### *Error from Atchison District Court.*

INJUNCTION, brought by *Challiss,* to enjoin collection of certain taxes or assessments imposed by the city of Atchison on the lots of plaintiff for certain street improvements. The action below was very like that of *W. L. Challiss v. Parker,* county treasurer, reported in 9 Kas., 155, and raised the same questions as those raised in that case. The city of Atchison had ordered the building of sidewalks along many different streets, and in several distinct parts of the city; and those portions of such sidewalks not built by the lot-owners were afterward let by contract to the firm of R. Clark & Co. This contract included sidewalks on thirteen different streets, some of which were graded, and some not graded, at the uniform price of $28\frac{1}{2}$ cents per lineal foot. The walks were built, and the amount so paid to Clark & Co. was afterward by ordinance apportioned to the several lots abutting on such walks, according to the front foot thereof. The taxes so apportioned and assessed upon plaintiff's lots were certified by the city clerk to the county clerk, who placed the same on the assessment-roll for 1871. A temporary injunction was granted. The case was tried at the November Term 1872. The district court made specific findings of fact and law. The 16th finding of fact is as follows:

"16th. That all said streets (eleven in number,) are regularly laid out streets of the city of Atchison, some crossing each other, others parallel to each other, others entirely remote from each other; some are open the entire length; others are partly opened, leaving the place where the sidewalk is built

in some cases several feet below, in other cases several feet above, the open parts of the streets. In other cases where the sidewalks are built, the streets are crossed with ravines; in others run along side-hills, making the street previous to building the walks impassable, and are since otherwise impassable; and in other cases the streets were level, and in one case the walk was extended to connect with a bridge twenty feet into the street. And by reason of such condition of the streets said R. Clark & Co. were compelled in places, in order to receive the walks to place the walks on posts five feet above the ground. Other cases the walks were inaccessible until steps were built to get to and from the walks, making the cost of building the walks on these uneven places much more expensive per foot than on the level ground."

The district court dissolved the temporary injunction, and gave judgment in favor of *Parker*, county treasurer, and against *Challiss* for costs. *Challiss* brings the case here.

*W. W. Guthrie,* for plaintiff in error:

1. This case is so like the preceding case between the same parties, that most of the matters submitted for plaintiff in error there, (*ante*, p. 384,) are referred to as alike applicable here.

2. In this case it is shown that the thirteen streets are in nowise connected improvements, but as distinct as if in different towns; and not only are the localities distinct, but the streets are of entirely different character. Some walks were built on streets "of natural easy grade," like in the case reported in 9 Kas., 155, some under hills, some over hills, some along impassable hillsides — some accessible only by balloon, or to birds — some crossed by ravines heretofore impassable to man and beast, and now only to be traversed on the artificial roadway thus created; in one case constituting an approach to a public bridge twenty feet into the street and seven feet in the air; in another bridging an alley, and all *in one contract* for 28½ cents per front foot! This brief statement is "the truth but half told," as set out in the findings referred to, and yet it is gravely insisted that these "improvements" are *local* in their character, peculiarly beneficial to

the abutting lots, and that for these reasons the law has wisely provided that the lots shall bear the expense of the improvement thus happily added!

3. Under the name of sidewalk, a substitute for grading cannot be constructed at the expense of abutting lots. It is conceded that an unusual expense attended the construction of the walk, by reason of the elevation required to make it level from one end to the other, and to rail it in. Had the street been graded, neither hand-rails nor trestle-work were necessary. For want of grade they became necessary, to supply this want. Had the contract been *in name* "for grading" this street, "and building a sidewalk, for $28\frac{1}{2}$ cents per front foot," no one could contend that the abutting lots could be liable for the cost, under § 30 of the charter, (Gen. Stat., 159, 160;) nor can they be any more liable where it is true in fact that both kinds of work are included in the one contract, as is shown to be in this case. If then the contract is illegal, for any of the reasons given, it is void as a whole, being indivisible: *Mills v. Johnson,* 17 Wis., 603; *Case v. Dean,* 16 Mich., 32. Challiss could leave such of his lots as he might be bound to sidewalk, for the city to do, and to tax him therefor, without being liable to pay for opening streets, building bridges, or grading.

*D. Martin,* for defendant in error:

1. This case is decided by the case of *Parker, County Treasurer, v. W. L. Challiss,* reported in 9 Kas., 155. The petition in the court below in this case is nearly a duplicate of the petition in that case, with the necessary changes for names of parties, and ownership and description of property. But the petition in this case omits the only ground set forth in that case for equitable interference, viz., that such interference would prevent a cloud from being unlawfully cast upon the title to real estate. This is entirely wanting in this case. And the petition does not allege that the plaintiff paid any taxes on said lots for any purpose for said year, and the find-

ings affirmatively show that no part of the taxes were paid, up to the bringing of this action.

2. But there are other reasons why the plaintiff was not entitled to the relief sought: He was legally notified by the city of Atchison to build a sidewalk in front of his lots. This he neglected to do. He might have built it at any time before the contractor commenced to build the same—several months after giving of notice. But the city was compelled to build the walks or let its citizens wade in the mud. The city therefore built them, and they now remain permanent improvements of said property. Plaintiff has neither paid nor tendered any part of the cost of the same, nor any part of his general taxes. Under such circumstances he is not entitled to an injunction. He must tender what is right and equitable before he is entitled to an injunction: 11 Am. Law Reg., 208; 7 Kas., 210, 228; 17 Wis., 284; 27 Ind., 12; 34 Ind., 36, 45, 141; 1 Cal., 455; 15 Ohio St., 64; 10 Cush., 252; 2 Story's Eq. Jur., § 959a.

3. But the assessments were made in strict conformity to law. The city of Atchison was authorized by law to pass ordinances providing for the making of sidewalks, and to levy assessments therefor according to the front foot: Gen. Stat., 160, subdivision 2 of § 30. The making of several different sidewalks including those along plaintiff's lots was required by ordinances duly enacted. The law was fully complied with in all respects, before the contract was made. The work was contracted for at a much lower price than the estimate of the engineer. The ordinance levying the assessments was specific in its terms, and imposed the burden upon each lot according to its frontage as required by law. The sidewalks were built according to contract. There is no doubt about the city having power to build these walks, and there is no irregularity in the proceedings.

The opinion of the court was delivered by

BREWER, J.: This is a controversy about a sidewalk tax. We fail to see anything in the record which places this case

outside the decision in *Parker v. Challiss,* 9 Kas., 155, and that in *Challiss v. Parker, Treas.,* in which the opinion has just been filed, (*supra,* 384.) The 16th finding which contains the substance of this case simply aggregates all the points of objection to the validity of the proceedings presented in those cases. It is unnecessary therefore to enter anew into their consideration. The judgment of the district court will be affirmed.

All the Justices concurring.